**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**
**BROOKLYN DEVISION**

| | |
|---|---|
| MOISEY SHIMUNOV,<br><br>Plaintiff,<br><br>vs.<br><br>LEXISNEXIS RISK SOLUTIONS INC.,<br><br>Defendant. | Civil Case No.: 1:26-cv-04799<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Moisey Shimunov ("Plaintiff"), by and through the undersigned counsel, brings this action on an individual basis, against LexisNexis Risk Solutions Inc. ("LNRS" or "Defendant") for actual, statutory, and punitive damages and costs, and attorney's fees, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et. seq., arising out of Defendant's inaccurate consumer reporting of Plaintiff's driving record and states as follows:

## INTRODUCTION

1. This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## PARTIES

2. Plaintiff resides in Queens, New York, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

3. Defendant LexisNexis Risk Solutions Inc. ("LNRS" or "Defendant") is a Delaware corporation doing business throughout the United States, including the State of New York and in this District, and has a principal place of business located at 1000 Alderman Drive, Alpharetta,

Georgia 30005. Defendant can be served through its registered agent for service C T CORPORATION SYSTEM at 289 S Culver St, Lawrenceville, GA, 30046-4805.

4. LNRS is a “consumer reporting agency” as defined in 15 U.S.C. § 1681a(f). LNRS is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

5. The information LNRS collects, maintains, and sells includes confidential details about the income, finances, credit histories, address histories, application histories, insurance records, and employment histories of millions of Americans. LNRS also collects consumers’ personal identifiers, such as Social Security Numbers (“SSNs”), dates of birth, telephone numbers, and addresses.

6. LNRS collects and maintains such information about consumers, whether consumers like it or not. Consumers do not have a choice as to whether LNRS collects and maintains information about them. Not only that, but consumers cannot remove information that LNRS collects and maintains about them from the LNRS database. Further, LNRS sells that information about consumers for its unilateral profit, none of which is shared with the Plaintiff, who is the subject of the very data that LNRS sold.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over Plaintiff’s claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff’s claims occurred in this District.

## FACTS

### Defendant's Inaccurate Reporting to Progressive

9. On May 27, 2024, Plaintiff's spouse was involved in an automobile accident while she and Plaintiff were insured under the same Progressive automobile policy. Progressive opened Claim Number 242991047 in connection with the accident.

10. On April 14, 2026, Plaintiff called Progressive and confirmed with a representative that the liability determination for Claim Number 242991047 was not at fault. On May 5, 2026, Progressive further confirmed in writing that it had completed its liability investigation of the claim and found no liability on the part of its insured for the resulting damages.

11. In or around February 2026, Plaintiff applied for automobile insurance with Progressive. In connection with that application, Progressive obtained Plaintiff's automobile loss-history information through Defendant's C.L.U.E. reporting system. Thereafter, Plaintiff learned that the May 27, 2024 accident and Claim Number 242991047 were being reported to Progressive as an "At Fault" loss, sourced to Defendant.

12. On April 3, 2026, Plaintiff obtained a copy of his own LexisNexis consumer file directly from Defendant. Plaintiff was confused because the report identifies Claim Number 242991047 but does not report any fault indicator for the claim at all: it does not identify the claim as "Not at Fault," "At Fault," or otherwise.

13. Reporting Claim Number 242991047 with no fault indicator at all, after Progressive's own investigation found Plaintiff's household not at fault, is incomplete and misleading—it fails to communicate Progressive's own liability determination and leaves prospective insurers and other users free to read the claim as an at-fault loss, which is exactly how Progressive's own February 2026 application treated it.

14. Therefore, Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports and consumer files it published and maintained concerning Plaintiff and Plaintiff's household.

**Plaintiff Disputes the Inaccurate Reporting with Defendant**

15. On May 12, 2026, Plaintiff mailed a written dispute to Defendant, by certified mail, disputing the completeness and accuracy of Claim Number 242991047.

16. In his dispute letter, Plaintiff explained that Progressive had determined his wife was not at fault for the May 27, 2024 accident, that Defendant's own consumer file reported the claim with no fault indicator at all, and that reporting the claim either with no fault indicator or as "At Fault" was inaccurate and misleading.

17. Plaintiff also included a letter from the insurer with the following determination in connection with Claim Number 242991047:

> Dear Moisey Shimunov,
>
> We found the unknown driver, while operating an unknown truck, the at fault party of this accident for making an unsafe lane change then fleeing the scene of the accident, in breach of NY VTL 1128 (a).
>
> This directly violates NY State Vehicle Traffic Law 1128 (a) Lane Change which states, " 1128. **Driving on roadways laned for traffic.** Whenever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply: (a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."

18. Plaintiff requested that Defendant reinvestigate and report the claim with a "Not at Fault" designation.

**Defendant's Unreasonable Dispute Reinvestigation**

19. On or about May 14, 2026, Defendant issued its written results of reinvestigation. Defendant mischaracterized Plaintiff's dispute as a claim that the record was "not associated" with him.

20. Plaintiff had not disputed that the claim belonged to his household; he disputed only Defendant's failure to report the claim's fault status accurately.

21. Defendant's response therefore failed to address the actual issue raised by Plaintiff—whether the fault status assigned to Claim Number 242991047 was accurate and complete.

22. On June 14, 2026, Plaintiff obtained an updated copy of his LexisNexis consumer file. Claim Number 242991047 remained without a fault indicator.

23. Upon information and belief, Defendant failed to adequately review all of the information provided to it by Plaintiff in support of Plaintiff's dispute.

24. Thereafter, Defendant failed to correct the record in response to Plaintiff's dispute.

25. Defendant failed to conduct a reasonable investigation of Plaintiff's May 2026 dispute, or any reinvestigation whatsoever, to determine whether the disputed information was inaccurate and misleading and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**Plaintiff's Damages**

26. On or about July 6, 2026, Progressive denied Plaintiff a new insurance quote, citing "excessive accidents or violations."

27. Plaintiff reasonably believes that Defendant continues to publish Claim Number 242991047 without accurately identifying the May 27, 2024, accident as "Not At Fault."

28. As a result of Defendant's inaccurate and misleading reporting, Plaintiff was deprived of a fair opportunity to obtain automobile insurance based on his true-risk profile and was subjected to less favorable insurance terms.

29. As a result of Defendant's conduct, Plaintiff has been denied insurance coverage and quoted higher premiums and has suffered damage to his true-risk profile, embarrassment, stress, anxiety, and the expenditure of time and effort disputing and trying to correct Defendant's inaccurate and incomplete reporting.

30. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

31. At all times pertinent hereto, the conduct of Defendant, as well as that of its respective agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent, and in utter disregard for federal law and the rights of Plaintiff herein.

32. Defendant LexisNexis is aware of the shortcomings of its procedures and intentionally chooses not to comply with the FCRA to lower its costs. Accordingly, LexisNexis's violations of the FCRA are willful.

**COUNT I**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

33. Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

34. The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. §1681e(b) (emphasis added).

35. On at least one occasion during 2026, Defendant prepared a false and misleading consumer report concerning Plaintiff.

36. Defendant violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy in reporting Claim Number 242991047, which Defendant reported with no fault indicator at all despite Progressive's own determination that Plaintiff was not at fault.

37. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damages including but not limited to, higher automobile insurance costs, damage to his true-risk profile; loss of ability to purchase and benefit from his true-risk profile; the expenditure of time and money disputing and trying to correct the inaccurate consumer reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate consumer reporting; and emotional distress.

38. Defendant's conduct, actions, and inactions was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

39. Plaintiff is entitled to recover attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT II**
**15 U.S.C. § 1681i**
**Failure to Perform a Reasonable Reinvestigation**

40. Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

41. The FCRA mandates that Defendant conduct a reasonable reinvestigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. See 15 U.S.C. § 1681i(a)(1). The FCRA imposes a 30-day time limit for the completion of such an investigation. Id.

42. The FCRA provides that if Defendant conducts its reinvestigation of disputed information and confirms that the information is, in fact, inaccurate or it is unable to otherwise verify the accuracy of the disputed information, it is required to delete the item of information from the consumer's file. See 15 U.S.C. § 1681i(a)(5)(A).

43. On at least one occasion during 2026, Plaintiff initiated a dispute with Defendant and disputed inaccurate and misleading information reporting in his consumer file and requested that Defendant correct the inaccurate, misleading, and damaging information.

44. Defendant violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigation(s) of Plaintiff's dispute(s) after it was notified by Plaintiff that the Claim Number 242991047 was being reported inaccurately and incompletely as an at-fault loss or without a "Not At Fault" designation, and by failing to maintain reasonable procedures to investigate and correct Plaintiff's dispute.

45. Defendant failed to record the current status of the disputed information, or delete the disputed information, before the end of the 30-day period beginning on the date on which it received notice of Plaintiff's dispute; and by failing to maintain reasonable procedures with which to filter and verify information in Plaintiff's consumer file.

46. Defendant's conduct, actions, and inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

47. Plaintiff is entitled to recover attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs, and awarding Plaintiff such other and further relief as the Court may deem appropriate and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: New York,
August 6, 2026

**CONSUMER ATTORNEYS, PLLC**

*/s/David Pinkhasov*
David Pinkhasov, NY # 5925904
CONSUMER ATTORNEYS PLLC
68-29 Main Street
Flushing, NY 11367
T: (718) 701-4605
E: dpinkhasov@consumerattorneys.com

*Attorney for Plaintiff,*
*Moisey Shimunov*